S. BRETT SUTTON (NV Bar No. 12109)
JARED HAGUE (NV Bar No. 12761)
BRADY BRIGGS (NV Bar No. 15020)
KELSEY GUNDERSON (NV Bar No. 15238)
**SUTTON HAGUE LAW CORPORATION, P.C.**
9790 Gateway Drive, Suite 200
Reno, NV 89521
Telephone: (775) 284-2770
Facsimile: (775) 313-9877
brett@suttonhague.com
jared@suttonhague.com
brady@suttonhague.com
kelsey@suttonhague.com

Attorneys for Plaintiff:
TIFFANY MCNEELY

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TIFFANY MCNEELY, an individual,<br><br>PLAINTIFF,<br><br>vs.<br><br>RPM LIVING, LLC, a Texas limited liability company; TRUAMERICA MULTIFAMILY LLC, a Delaware limited liability company, and DOES 1 through 50, inclusive,<br><br>DEFENDANTS. | Case No.: 2:25-cv-00345-GMN-DJA<br><br>**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES FOR:**<br><br>1. DISCRIMINATION IN VIOLATION OF NEVADA REVISED STATUE 613.310 *et. seq.*;<br>2. DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12112, *et. seq.*);<br>3. FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12112, *et. seq.*);<br>4. RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12112, *et. seq.*);<br>5. DISCRIMINATION BASED ON PREGNANCY IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED BY THE PREGNANCY DISCRIMINATION ACT |

(42 U.S.C. §§ 2000e *et seq.*);
6. RETALIATION IN VIOLATION OF PREGNANT WORKERS FAIRNESS ACT (42 U.S.C. 2000gg-1 *et seq.*);
7. FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION OF NEVADA PREGNANCY WORKERS' FAIRNESS ACT (NRS 613.4353-4383);
8. RETALIATION IN VIOLATION OF NEVADA PREGNANCY WORKERS' FAIRNESS ACT (NRS 613.4353-4383);
9. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

**JURY TRIAL DEMANDED**

Plaintiff  TIFFANY MCNEELY ("PLAINTIFF") alleges against Defendants RPM LIVING, LLC ("RPM"), TRUAMERICA MULTIFAMILY LLC ("TruAmerica"), and DOES 1 through 50, inclusive (hereinafter collectively "DEFENDANTS"), as follows:

## I.    JURISDICTION AND VENUE

1.    PLAINTIFF hereby brings this Complaint for recovery of damages under state and federal statutes as well as the common law of Nevada, in addition to seeking injunctive relief, declaratory relief, and restitution.

2.    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff's claims for damages arise, in part, under the American with Disabilities Act, 42 U.S.C. § 12112 et. seq., Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*, and the Family Medical Leave Act, 29 U.S.C. § 2601-2654.

3.    Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to each of Plaintiff's claims occurred in Clark County, Nevada.

4.    Plaintiff timely filed Charges of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Nevada Equal Rights Division ("NERC") and obtained Right-to-Sue Letters against DEFENDANTS within 90 days preceding the filing of this Complaint. True and accurate copies of these Right-to-Sue Letters are attached hereto as "Exhibit A" and incorporated herein by this reference.

5.    Plaintiff has satisfied all administrative and jurisdictional prerequisites to filing this Compliant in this Court.

6.    This Court also has supplemental jurisdiction over the state law claims alleged pursuant to 28 U.S.C. section 1367 because the state law claims alleged herein all arise out of the same transaction and occurrence as Plaintiff's federal claims, and there is no conflict between the procedures applicable to Plaintiff's federal and state law claims.

7.    The Court has jurisdiction over DEFENDANTS because the conduct described herein occurred and continues to occur within this judicial district and in Clark County, Nevada.

8.    Venue is proper in this Court because PLAINTIFF performed work for DEFENDANTS in this judicial district and in Clark County, Nevada, and the acts and omissions complained of herein occurred in this judicial district and in Clark County, Nevada. DEFENDANTS transact business and have agent(s) within this judicial district and in Clark County, Nevada, and/or otherwise are found within this judicial district and in Clark County, Nevada.

## II.    GENERAL FACTUAL ALLEGATIONS

9.    PLAINTIFF is an individual who, at all times relevant herein, was residing in Clark County, Nevada, and is a former employee of RPM, TruAmerica, and DOES 1 through 50 (collectively referred to as "EMPLOYER" or "DEFENDANTS").

10.    PLAINTIFF was and is a victim of EMPLOYER's policies and/or practices complained of herein, lost money, and/or property, and has been deprived of the rights guaranteed by the federal law, the Nevada Revised Statutes, and the common law of the State of Nevada.

11.    PLAINTIFF is informed and believes, and based thereon alleges, that at all times relevant to this Complaint and continuing to the present, Defendant RPM is a Texas limited liability company and,

is and/or was registered to do business in Nevada, with employees within Nevada, including but not limited to Clark County.

12.    PLAINTIFF is informed and believes, and based thereon alleges, that at all times relevant to this Complaint and continuing to the present, Defendant TruAmerica is a Delaware limited liability company and, is and/or was registered to do business in Nevada, with employees within Nevada, including but not limited to Clark County.

13.    At all relevant times, EMPLOYER were the "employer" of PLAINTIFF within the meaning of all applicable state and federal laws, statutes, and regulations, including NRS Chapter 613 and the American with Disabilities Act, 42 U.S.C. § 12112 *et. seq.,* Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq,* and the Family Medical Leave Act, 29 U.S.C. § 2601-2654. PLAINTIFF is informed and believes that EMPLOYER are and were negligently, tortiously, comparatively, carelessly, recklessly, willfully, knowingly, and/or intentionally proximately the cause of or contributed to cause the damages hereinafter alleged, or in some other manner are responsible in whole or in part for the damages which have been, are being, and will be suffered by PLAINTIFF.

14.    PLAINTIFF is informed and believes, and thereon alleges that at all relevant times herein, Maiesha Anthony is and/or was an individual residing in the State of Nevada, as well as an employee of EMPLOYER in Clark County, Nevada, where PLAINTIFF performed work, and was PLAINTIFF's supervisor during her employment.

15.    PLAINTIFF is informed and believes, and thereon alleges that at all relevant times herein, Beatriz Segura is and/or was an individual residing in the State of Nevada, as well as an employee of EMPLOYER in Clark County, Nevada, where PLAINTIFF performed work, and was PLAINTIFF's supervisor during her employment.

16.    PLAINTIFF is unaware of the true names and/or capacities, whether individual, partnership, limited partnership, corporate, or otherwise, of the Defendants sued herein as DOES 1 through 50, inclusive, and each of them, and therefore sues such Defendants by such fictitious names. PLAINTIFF is informed and believes, and thereon alleges, that each of the DEFENDANTS sued herein, including DOES 1 through 50, inclusive, is and was proximately the cause of or contributed to cause the damages hereinafter alleged, or in some other manner is responsible in whole or in part for the damages which have

been, are being, and will be suffered by PLAINTIFF as alleged herein. When the true names and/or capacities of the Doe Defendants are ascertained, PLAINTIFF will seek leave to amend this Complaint to insert the same herein with appropriate charging allegations.

17.    PLAINTIFF is informed and believes and thereon alleges that the DEFENDANTS named herein were acting at all relevant times herein, as the agents, ostensible agents, joint-venturers, joint-employers, servants, employees, co-conspirators, alter egos, integrated enterprises, and/or associates of each of the other DEFENDANTS, and were at all times acting within the course and scope of said agency, servitude, employment and/or joint employment, joint-venture, association, and/or conspiracy and with the permission and consent of the other DEFENDANTS.

18.    PLAINTIFF is informed and believes, and thereon alleges that, at all times relevant to this Complaint, DEFENDANTS were and/or are the joint employers of PLAINTIFF, in that DEFENDANTS exercised sufficient control over PLAINTIFF's wages, hours and working conditions, and/or suffered or permitted PLAINTIFF to work, so as to be considered the joint employers of PLAINTIFF.

19.    PLAINTIFF is informed and believes, and thereon alleges, that the above DEFENDANTS and/or each of their managing agents and supervisors aided, abetted, condoned, permitted, approved, authorized, and/or ratified the unlawful acts described herein.

20.    PLAINTIFF is informed and believes, and thereon alleges that, at all times relevant to this Complaint, the various acts and representations of DEFENDANTS, including each of the Doe Defendants, and each agent or representative of DEFENDANTS, were the result of, and in furtherance of, an agreement whereby the DEFENDANTS and each agent or representative of the DEFENDANTS knowingly conspired to engage in the acts described herein, including, but not limited to, DEFENDANTS' violation of the ADEA, the Nevada Revised Statutes, and the common law of the State of Nevada.

### III.    BACKGROUND ALLEGATIONS

21.    On or around October 26, 2023, PLAINTIFF was hired by EMPLOYER as a community manager.

22.    Throughout her employment with EMPLOYER, PLAINTIFF successfully performed her job duties and received positive feedback on her work performance.

/ / /

23.     On or around July 12, 2024, EMPLOYER offered PLAINTIFF a promotion and a raise.

24.     During the interview process, EMPLOYER told PLAINTIFF the new position was for a community manager at an apartment complex called "The Quinn," located at 5500 S. Mountain Vista Street, in Las Vegas, Nevada, and would pay $90,000.00 a year. However, later EMPLOYER reduced the amount, and PLAINTIFF was only offered $85,000.00 for the promotion. PLAINTIFF accepted the offer and began working at The Quinn.

25.     On or around August 8, 2024, PLAINTIFF went to the Emergency Room for stomach pain. During that visit, PLAINTIFF found out she was pregnant. The following morning, PLAINTIFF informed her supervisor, Maiesha Anthony that she was in the Emergency Room and provided a doctor's note stating that she would be able to return to work on August 13, 2024.

26.     On or around August 12, 2024, PLAINTIFF was diagnosed with an ectopic pregnancy which is a condition that significantly impacts a major life activity, including but not limited to, walking, breathing, eating, sleeping, and performing manual tasks.

27.     On or around August 12, 2024, PLAINTIFF informed her supervisor, Beatriz Segura that she was pregnant and that she was experiencing some complications.  PLAINTIFF told Ms. Segura that she needed to get her blood drawn and have ultrasounds taken on a regular basis for the remainder of her pregnancy.

28.     On or around August 19, 2024, PLAINTIFF informed Ms. Segura that she had an appointment to have blood drawn. PLAINTIFF went to her doctor's appointment to get her blood drawn during her lunch hour. PLAINTIFF texted Ms. Segura and let her know when she was headed back to the office.

29.     In or around the morning of August 20, 2024, PLAINTIFF experienced severe cramping, nausea, and dizziness. PLAINTIFF called her doctor and was advised that she needed to go to the Emergency Room if her symptoms increased. At 9:14 a.m., Ms. Segura called PLAINTIFF and told her that she was at the property waiting for her. PLAINTIFF informed Ms. Segura of the severe medical issues she had been experiencing that morning. Ms. Segura sounded annoyed and told PLAINTIFF to "get to the property."

/ / /

30.    Despite experiencing severe medical symptoms, PLAINTIFF was worried about losing her job and therefore complied with Ms. Segura's demands and reported to work, arriving at The Quinn around 9:37 a.m. When she arrived, PLAINTIFF attempted to explain her medical issues to Ms. Anthony. However, Ms. Anthony was short with PLAINTIFF and told her "[she] couldn't speak with [her]" and that she "had other properties to get to."

31.    Shockingly, later that same day, DEFENDANTS terminated PLAINTIFF. During the termination, Ms. Segura and Ms. Anthony told PLAINTIFF she was terminated because she was late to work earlier that day and that they needed a manager who would be present at the office and not miss work. DEFENDANTS also accused PLAINTIFF of leaving the front door unlocked the night before. However, these reasons are pretextual and DEFENDANTS actually fired PLAINTIFF because she was pregnant and/or suffering from a pregnancy related medical condition.

32.    While Ms. Segura and Ms. Anthony terminated PLAINTIFF's employment with EMPLOYER, they told PLAINTIFF that leaving the door open was a terminable offense. However, PLAINTIFF is aware of other employees who left doors unlocked and is aware of at least one employee who left the door unlocked five times and was only put on a performance plan, not terminated. Further, PLAINTIFF did not leave the door unlocked.

## IV.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### DISCRIMINATION IN VIOLATION OF NEVADA REVISED STATUE 613.310 *et. seq.*

(PLAINTIFF Against DEFENDANTS)

33.    Each of the allegations of the foregoing paragraphs is re-alleged and incorporated herein by this reference.

34.    Nevada Revised Statute ("NRS") § 613.330 provides in pertinent part as follows: "[I]t it is an unlawful employment practice for an employer . . . [t]o fail  or refuse to hire or to discharge any person, or otherwise to discriminate against any person with respect to the person's compensation, terms, conditions or privileges of employment, because of his or her . . . sex, . . . disability, . . .."

35.    At all times relevant herein, EMPLOYER were and are "employers" within the meaning of NRS 613.310(2).

36.     At all times relevant herein, PLAINTIFF was and is a member of a group entitled to the protections of NRS Chapter 613.

37.     At all times relevant herein, EMPLOYER knew or should have known that PLAINTIFF was a member of a group entitled to the protections of NRS Chapter 613.

38.     On or around August 8, 2024, PLAINTIFF was seen in the Emergency Room due to medical conditions related to her pregnancy.

39.     On or around August 12, 2024, PLAINTIFF was diagnosed with an ectopic pregnancy which is a condition that significantly impacts a major life activity, including but not limited to, walking, breathing, eating, sleeping, and performing manual tasks.

40.     On or around August 12, 2024, PLAINTIFF informed Ms. Segura that she was pregnant and was suffering from medical conditions related to pregnancy.

41.     As alleged herein, EMPLOYER unlawfully discriminated against PLAINTIFF by, among other things, subjecting PLAINTIFF to differential treatment on the basis of PLAINTIFF's sex, pregnancy, disability (actual, perceived, and/or perceived potential), and/or medical condition, failing and/or refusing to take any other action to prevent further harassment and/or discrimination from occurring, failing to engage in the interactive process, failing to provide a reasonable accommodation, and by terminating PLAINTIFF's employment because of PLAINTIFF's sex, pregnancy,  disability (actual, perceived, and/or perceived potential), and/or medical condition.

42.     PLAINTIFF's sex, pregnancy, disability (actual, perceived, and/or perceived potential), and/or medical condition was the cause of EMPLOYER's prejudiced acts of discrimination, and EMPLOYER would not have engaged in such conduct but for PLAINTIFF's sex, pregnancy, disability (actual, perceived, and/or perceived potential), and/or medical condition.

43.     As a direct and proximate result of EMPLOYER's decision to engage in the aforementioned conduct, PLAINTIFF has suffered damages, in the form of lost wages and other employment benefits, as well as severe emotional and physical distress, the exact amount of which will be proven at trial.

44.     In doing the things herein alleged, EMPLOYER, and each of them,  acted oppressively, maliciously, intentionally, despicably, and in conscious disregard of PLAINTIFF's rights, as: 1)

EMPLOYER knew that PLAINTIFF has a right to be free from unlawful discrimination and retaliation in the terms of her employment; 2) EMPLOYER recklessly failed to anticipate that the foregoing conduct would cause emotional distress in PLAINTIFF; 3) EMPLOYER's failure to protect such right resulted in severe emotional distress in PLAINTIFF, thereby intentionally or recklessly subjecting PLAINTIFF to said emotional distress; 4) by intentionally or recklessly subjecting PLAINTIFF to said emotional distress, EMPLOYER engaged in conduct that was oppressive, malicious, cruel and unjust. Consequently, PLAINTIFF is entitled to recovery of exemplary and punitive damages from EMPLOYER in an amount according to proof.

<u>**SECOND CAUSE OF ACTION**</u>

**DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12112, *et. seq.*)**

**(PLAINTIFF Against DEFENDANTS)**

45.    Each of the allegations of the foregoing paragraphs is re-alleged and incorporated herein by this reference.

46.    42 U.S.C. § 12112 provides that "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

47.    At all times relevant herein, EMPLOYER were and are a "covered entity" within the meaning of 42 U.S.C. § 12112.

48.    At all times relevant herein, PLAINTIFF was and is an "employee" within the meaning of 42 U.S.C. § 12112 and therefore a member of a group entitled to the protections of Americans with Disabilities Act ("ADA").

**Count One: Actual Disability**

49.    On or around August 8, 2024, PLAINTIFF was seen in the Emergency Room due to medical conditions related to her pregnancy.

/ / /

/ / /

50.     On or around August 12, 2024, PLAINTIFF was diagnosed with an ectopic pregnancy which is a condition that significantly impacts a major life activity, including but not limited to, walking, breathing, eating, sleeping, and performing manual tasks.

51.     PLAINTIFF was a "qualified individual with a disability" within the meaning of 42 U.S.C. § 12111 of the ADA.

52.     PLAINTIFF could perform the essential functions of her position with or without a reasonable accommodation.

53.     As alleged herein, EMPLOYER unlawfully discriminated against PLAINTIFF by, among other things, subjecting PLAINTIFF to differential treatment on the basis of disability and/or medical condition, failing and/or refusing to take any other action to prevent further harassment and/or discrimination from occurring, failing to engage in the interactive process, failing to provide a reasonable accommodation, and by terminating PLAINTIFF's employment because of PLAINTIFF's disability and/or medical condition.

54.     PLAINTIFF's disability and/or medical condition was the cause of EMPLOYER's prejudiced acts of discrimination, and EMPLOYER would not have engaged in such conduct but for PLAINTIFF's disability and/or medical condition.

55.     As a direct and proximate result of EMPLOYER's decision to engage in the aforementioned conduct, PLAINTIFF has suffered damages, in the form of lost wages and other employment benefits, as well as severe emotional and physical distress, the exact amount of which will be proven at trial.

56.     In doing the things herein alleged, EMPLOYER, and each of them,  acted oppressively, maliciously, intentionally, despicably, and in conscious disregard of PLAINTIFF's rights, as: 1) EMPLOYER knew that PLAINTIFF has a right to be free from unlawful discrimination in the terms of her employment; 2) EMPLOYER recklessly failed to anticipate that the foregoing conduct would cause emotional distress in PLAINTIFF; 3) EMPLOYER's failure to protect such right resulted in severe emotional distress in PLAINTIFF, thereby intentionally or recklessly subjecting PLAINTIFF to said emotional distress; 4) by intentionally or recklessly subjecting PLAINTIFF to said emotional distress, EMPLOYER engaged in conduct that was oppressive, malicious, cruel and unjust. Consequently,

PLAINTIFF is entitled to recovery of exemplary and punitive damages from EMPLOYER in an amount according to proof.

### Count Two: Record of Disability

57.     On or around August 8, 2024, PLAINTIFF provided her medical records to EMPLOYER.

58.     On or around August 12, 2024, PLAINTIFF was diagnosed with an ectopic pregnancy which is a condition that significantly impacts a major life activity, including but not limited to, walking, breathing, eating, sleeping, and performing manual tasks.

59.     PLAINTIFF's record of disability was the reason for EMPLOYER's decision to terminate PLAINTIFF.

60.     As alleged herein, EMPLOYER unlawfully discriminated against PLAINTIFF by, among other things, subjecting PLAINTIFF to differential treatment on the basis of her record of disability and/or medical condition, failing and/or refusing to take any other action to prevent further harassment and/or discrimination from occurring, failing to engage in the interactive process, failing to provide a reasonable accommodation, and by terminating PLAINTIFF's employment because of PLAINTIFF's record of disability and/or medical condition.

61.     PLAINTIFF's record of disability and/or medical condition was the cause of EMPLOYER's prejudiced acts of discrimination, and EMPLOYER would not have engaged in such conduct but for PLAINTIFF's disability and/or medical condition

62.     As a direct and proximate result of EMPLOYER's decision to engage in the aforementioned conduct, PLAINTIFF has suffered damages, in the form of lost wages and other employment benefits, as well as severe emotional and physical distress, the exact amount of which will be proven at trial.

63.     In doing the things herein alleged, EMPLOYER, and each of them,  acted oppressively, maliciously, intentionally, despicably, and in conscious disregard of PLAINTIFF's rights, as: 1) EMPLOYER knew that PLAINTIFF has a right to be free from unlawful discrimination in the terms of her employment; 2) EMPLOYER recklessly failed to anticipate that the foregoing conduct would cause emotional distress in PLAINTIFF; 3) EMPLOYER's failure to protect such right resulted in severe emotional distress in PLAINTIFF, thereby intentionally or recklessly subjecting PLAINTIFF to said

emotional distress; 4) by intentionally or recklessly subjecting PLAINTIFF to said emotional distress, EMPLOYER engaged in conduct that was oppressive, malicious, cruel and unjust. Consequently, PLAINTIFF is entitled to recovery of exemplary and punitive damages from EMPLOYER in an amount according to proof.

**Count Three: Regarded as Disabled**

64.    On or around August 8, 2024, PLAINTIFF provided her medical records to EMPLOYER.

65.    On or around August 12, 2024, PLAINTIFF was diagnosed with an ectopic pregnancy which is a condition that significantly impacts a major life activity, including but not limited to, walking, breathing, eating, sleeping, and performing manual tasks.

66.    Following PLAINTIFF's diagnosis, EMPLOYER regarded PLAINTIFF as disabled.

67.    EMPLOYER regarding PLAINTIFF as disabled was the reason for EMPLOYER's decision to terminate PLAINTIFF.

68.    As a direct and proximate result of EMPLOYER's decision to engage in the aforementioned conduct, PLAINTIFF has suffered damages, in the form of lost wages and other employment benefits, as well as severe emotional and physical distress, the exact amount of which will be proven at trial.

69.    In doing the things herein alleged, EMPLOYER, and each of them,  acted oppressively, maliciously, intentionally, despicably, and in conscious disregard of PLAINTIFF's rights, as: 1) EMPLOYER knew that PLAINTIFF has a right to be free from unlawful discrimination in the terms of her employment; 2) EMPLOYER recklessly failed to anticipate that the foregoing conduct would cause emotional distress in PLAINTIFF; 3) EMPLOYER's failure to protect such right resulted in severe emotional distress in PLAINTIFF, thereby intentionally or recklessly subjecting PLAINTIFF to said emotional distress; 4) by intentionally or recklessly subjecting PLAINTIFF to said emotional distress, EMPLOYER engaged in conduct that was oppressive, malicious, cruel and unjust. Consequently, PLAINTIFF is entitled to recovery of exemplary and punitive damages from EMPLOYER in an amount according to proof.

/ / /

/ / /

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE A REASONABLE ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12112, *et. seq.*)

### (PLAINTIFF Against DEFENDANTS)

70.    Each of the allegations of the foregoing paragraphs is re-alleged and incorporated herein by this reference.

71.    On or around August 8, 2024, PLAINTIFF was seen in the Emergency Room due to medical conditions related to her pregnancy.

72.    On or around August 12, 2024, PLAINTIFF was diagnosed with an ectopic pregnancy which is a condition that significantly impacts a major life activity, including but not limited to, walking, breathing, eating, sleeping, and performing manual tasks.

73.    PLAINTIFF was a "qualified individual with a disability" within the meaning of the ADA.

74.    PLAINTIFF could perform the essential functions of her position with or without a reasonable accommodation.

75.    On or around August 12, 2023, PLAINTIFF notified EMPLOYER about her disability and requested a reasonable accommodation for leave to attend medical appointments.

76.    EMPLOYER refused to engage in the interactive process and denied PLAINTIFF's request.

77.    EMPLOYER failed to provide PLAINTIFF with a reasonable accommodation.

78.    Instead of engaging the interactive process and providing a reasonable accommodation, EMPLOYER terminated PLAINTIFF for missing work due to her disability.

79.    As a direct and proximate result of EMPLOYER's decision to engage in the aforementioned conduct, PLAINTIFF has suffered damages, in the form of lost wages and other employment benefits, as well as severe emotional and physical distress, the exact amount of which will be proven at trial.

80.    In doing the things herein alleged, EMPLOYER, and each of them,  acted oppressively, maliciously, intentionally, despicably, and in conscious disregard of PLAINTIFF's rights, as: 1) EMPLOYER knew that PLAINTIFF has a right to be free from unlawful discrimination in the terms of

her employment; 2) EMPLOYER recklessly failed to anticipate that the foregoing conduct would cause emotional distress in PLAINTIFF; 3) EMPLOYER's failure to protect such right resulted in severe emotional distress in PLAINTIFF, thereby intentionally or recklessly subjecting PLAINTIFF to said emotional distress; 4) by intentionally or recklessly subjecting PLAINTIFF to said emotional distress, EMPLOYER engaged in conduct that was oppressive, malicious, cruel and unjust. Consequently, PLAINTIFF is entitled to recovery of exemplary and punitive damages from EMPLOYER in an amount according to proof.

<u>**FOURTH CAUSE OF ACTION**</u>

**RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12112, *et. seq.*)**

**(PLAINTIFF Against DEFENDANTS)**

81.     Each of the allegations of the foregoing paragraphs is re-alleged and incorporated herein by this reference.

82.     PLAINTIFF was a "qualified individual with a disability" within the ADA.

83.     PLAINTIFF could perform the essential functions of her position with or without a reasonable accommodation.

84.     On or around August 12, 2023, PLAINTIFF notified EMPLOYER about her disability and requested a reasonable accommodation for leave to attend medical appointments.

85.     EMPLOYER refused to engage in the interactive process and denied PLAINTIFF's request.

86.     EMPLOYER failed to provide PLAINTIFF with a reasonable accommodation.

87.     Instead of engaging the interactive process and providing a reasonable accommodation, EMPLOYER terminated PLAINTIFF in retaliation for requesting leave and missing work due to her disability, pregnancy, and/or pregnancy related medical condition.

88.     As a direct and proximate result of EMPLOYER's decision to engage in the aforementioned conduct, PLAINTIFF has suffered damages, in the form of lost wages and other employment benefits, as well as severe emotional and physical distress, the exact amount of which will be proven at trial.

89.     In doing the things herein alleged, EMPLOYER, and each of them,  acted oppressively, maliciously, intentionally, despicably, and in conscious disregard of PLAINTIFF's rights, as: 1) EMPLOYER knew that PLAINTIFF has a right to be free from unlawful discrimination in the terms of her employment; 2) EMPLOYER recklessly failed to anticipate that the foregoing conduct would cause emotional distress in PLAINTIFF; 3) EMPLOYER's failure to protect such right resulted in severe emotional distress in PLAINTIFF, thereby intentionally or recklessly subjecting PLAINTIFF to said emotional distress; 4) by intentionally or recklessly subjecting PLAINTIFF to said emotional distress, EMPLOYER engaged in conduct that was oppressive, malicious, cruel and unjust. Consequently, PLAINTIFF is entitled to recovery of exemplary and punitive damages from EMPLOYER in an amount according to proof.

## FIFTH CAUSE OF ACTION

### DISCRIMINATION BASED ON PREGNANCY IN VIOLATION OF  TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED BY THE PREGNANCY DISCRIMINATION ACT (42 U.S.C. §§ 2000e *et seq.*)

### (PLAINTIFF Against DEFENDANTS)

90.     Each of the allegations of the foregoing paragraphs is re-alleged and incorporated herein by this reference.

91.     42 U.S.C. § 2000e-2(a)(1) reads, in relevant part, that it shall be an unlawful employment practice for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin"

92.     At all times relevant herein, EMPLOYER were and are an "employer" within the meaning of 42 U.S.C. § 2000.

93.     At all times relevant herein, PLAINTIFF was and is an "employee" within the meaning of 42 U.S.C. § 2000 and therefore a member of a group entitled to the protections of Title VII.

94.     42 U.S.C. § 2000e(k) as amended by the Pregnancy Discrimination Act provides that "[t]he terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or

related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work

95.    PLAINTIFF was qualified for her position and was pregnant and suffered a medical condition related to her pregnancy when EMPLOYER fired her.

96.    PLAINTIFF was terminated by EMPLOYER because of PLAINTIFF's sex, pregnancy, and/or condition related to pregnancy.

97.    In addition, EMPLOYER marginalized PLAINTIFF while treating non-pregnant similarly situated employees more favorably. Specifically, other non-pregnant employees were not terminated for similar alleged "terminable offenses" (e.g., failing to lock a door once).

98.    As a direct and proximate result of EMPLOYER's decision to engage in the aforementioned conduct, PLAINTIFF has suffered damages, in the form of lost wages and other employment benefits, as well as severe emotional and physical distress, the exact amount of which will be proven at trial.

99.    In doing the things herein alleged, EMPLOYER, and each of them,  acted oppressively, maliciously, intentionally, despicably, and in conscious disregard of PLAINTIFF's rights, as: 1) EMPLOYER knew that PLAINTIFF has a right to be free from unlawful discrimination in the terms of her employment; 2) EMPLOYER recklessly failed to anticipate that the foregoing conduct would cause emotional distress in PLAINTIFF; 3) EMPLOYER's failure to protect such right resulted in severe emotional distress in PLAINTIFF, thereby intentionally or recklessly subjecting PLAINTIFF to said emotional distress; 4) by intentionally or recklessly subjecting PLAINTIFF to said emotional distress, EMPLOYER engaged in conduct that was oppressive, malicious, cruel and unjust. Consequently, PLAINTIFF is entitled to recovery of exemplary and punitive damages from EMPLOYER in an amount according to proof.

/ / /

/ / /

/ / /

/ / /

### SIXTH CAUSE OF ACTION

**RETALIATION IN VIOLATION OF PREGNANT WORKERS FAIRNESS ACT (42 U.S.C.**

**2000gg-1 *et seq.*)**

**(PLAINTIFF Against DEFENDANTS)**

100.    Each of the allegations of the foregoing paragraphs is re-alleged and incorporated herein by this reference.

101.    At all times relevant herein, EMPLOYER were and are an "employer" within the meaning of 42 U.S.C. § 2000.

102.    At all times relevant herein, PLAINTIFF was and is an "employee" within the meaning of 42 U.S.C. § 2000 and therefore a member of a group entitled to the protections of the Pregnant Workers Fairness Act ("PWFA").

103.    PLAINTIFF was qualified for her position and had requested and used a reasonable accommodation under the PWFA when EMPLOYER fired her.

104.    PLAINTIFF engaged in protected activity by providing EMPLOYER with her medical record and requesting to take leave for doctor's appointments under the terms permitted by the PWFA.

105.    Twelve days after providing her medical request and requesting leave, EMPLOYER terminated PLAINTIFF.

106.    Employer's stated reason for terminating PLAINTIFF's employment is pretextual and baseless. EMPLOYER fired PLAINTIFF because she was pregnant and took PWFA leave to attend medical appointments and due to complications from her pregnancy.

107.    As a direct and proximate result of EMPLOYER's decision to engage in the aforementioned conduct, PLAINTIFF has suffered damages, in the form of lost wages and other employment benefits, as well as severe emotional and physical distress, the exact amount of which will be proven at trial.

108.    In doing the things herein alleged, EMPLOYER, and each of them,  acted oppressively, maliciously, intentionally, despicably, and in conscious disregard of PLAINTIFF's rights, as: 1) EMPLOYER knew that PLAINTIFF has a right to be free from unlawful retaliation in the terms of her employment; 2) EMPLOYER recklessly failed to anticipate that the foregoing conduct would cause

emotional distress in PLAINTIFF; 3) EMPLOYER's failure to protect such right resulted in severe emotional distress in PLAINTIFF, thereby intentionally or recklessly subjecting PLAINTIFF to said emotional distress; 4) by intentionally or recklessly subjecting PLAINTIFF to said emotional distress, EMPLOYER engaged in conduct that was oppressive, malicious, cruel and unjust. Consequently, PLAINTIFF is entitled to recovery of exemplary and punitive damages from EMPLOYER in an amount according to proof.

## SEVENTH CAUSE OF ACTION

### FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION OF NEVADA PREGNANCY WORKERS' FAIRNESS ACT (NRS 613.4353-613.4383)

### (PLAINTIFF Against DEFENDANTS)

109.    Each of the allegations of the foregoing paragraphs is re-alleged and incorporated herein by this reference.

110.    At all times relevant herein, EMPLOYER were and are a "employer" within the meaning of Nevada Pregnant Workers' Fairness Act ("NPWFA").

111.    At all times relevant herein, PLAINTIFF was and is an "employee" within the meaning of NPWFA and therefore a member of a group entitled to the protections of NPWFA.

112.    During her employment, PLAINTIFF suffered from a condition related to pregnancy or a related medical condition.

113.    During her employment, PLAINTIFF requested a reasonable accommodation.

114.    Within 12 days of providing her medical records to EMPLOYER and requesting leave, PLAINTIFF was terminated by EMPLOYER.

115.    EMPLOYER cannot prove undue hardship for refusal to provide reasonable accommodation.

116.    As a direct and proximate result of EMPLOYER's decision to engage in the aforementioned conduct, PLAINTIFF has suffered damages, in the form of lost wages and other employment benefits, as well as severe emotional and physical distress, the exact amount of which will be proven at trial.

/ / /

117.    In doing the things herein alleged, EMPLOYER, and each of them,  acted oppressively, maliciously, intentionally, despicably, and in conscious disregard of PLAINTIFF's rights, as: 1) EMPLOYER knew that PLAINTIFF has a right to a reasonable accommodation; 2) EMPLOYER recklessly failed to anticipate that the foregoing conduct would cause emotional distress in PLAINTIFF; 3) EMPLOYER's failure to protect such right resulted in severe emotional distress in PLAINTIFF, thereby intentionally or recklessly subjecting PLAINTIFF to said emotional distress; 4) by intentionally or recklessly subjecting PLAINTIFF to said emotional distress, EMPLOYER engaged in conduct that was oppressive, malicious, cruel and unjust. Consequently, PLAINTIFF is entitled to recovery of exemplary and punitive damages from EMPLOYER in an amount according to proof.

## EIGHTH CAUSE OF ACTION

**RETALIATION IN VIOLATION OF NEVADA PREGNANCY WORKERS' FAIRNESS ACT**

**(NRS 613.4353-4383)**

**(PLAINTIFF Against DEFENDANTS)**

118.    Each of the allegations of the foregoing paragraphs is re-alleged and incorporated herein by this reference.

119.    On or around August 8, 2024, PLAINTIFF provided a doctor's note stating that she would be able to return to work on August 13, 2024.

120.    On or around August 19, 2024, PLAINTIFF attended a doctor's appointment during her lunch hour.

121.    In or around the morning of August 20, 2024, PLAINTIFF experienced severe cramping, nausea, and dizziness and informed EMPLOYER of her medical issues. Shockingly, later that same day, DEFENDANTS terminated PLAINTIFF.

122.    PLAINTIFF was qualified for her position and was pregnant and suffering a medical condition related to pregnancy when EMPLOYER terminated her.

123.    EMPLOYER's stated reason for terminating PLAINTIFF's employment is pretextual and baseless.

124.    EMPLOYER fired PLAINTIFF because she requested a reasonable accommodation, i.e. leave to attend medical appointments and for medical conditions related to pregnancy.

125.    As a direct and proximate result of EMPLOYER's decision to engage in the aforementioned conduct, PLAINTIFF has suffered damages, in the form of lost wages and other employment benefits, as well as severe emotional and physical distress, the exact amount of which will be proven at trial.

126.    In doing the things herein alleged, EMPLOYER, and each of them, acted oppressively, maliciously, intentionally, despicably, and in conscious disregard of PLAINTIFF's rights, as: 1) EMPLOYER knew that PLAINTIFF has a right to be free from unlawful retaliation in the terms of her employment; 2) EMPLOYER recklessly failed to anticipate that the foregoing conduct would cause emotional distress in PLAINTIFF; 3) EMPLOYER's failure to protect such right resulted in severe emotional distress in PLAINTIFF, thereby intentionally or recklessly subjecting PLAINTIFF to said emotional distress; 4) by intentionally or recklessly subjecting PLAINTIFF to said emotional distress, EMPLOYER engaged in conduct that was oppressive, malicious, cruel and unjust. Consequently, PLAINTIFF is entitled to recovery of exemplary and punitive damages from EMPLOYER in an amount according to proof.

## NINTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (PLAINTIFF Against DEFENDANTS)

127.    Each of the allegations of the foregoing paragraphs is re-alleged and incorporated herein by this reference.

128.    In doing the things alleged herein, DEFENDANTS and their managers, supervisors, and agents engaged in extreme and outrageous conduct with either the intention of, or reckless disregard for, causing PLAINTIFF emotional distress.

129.    Such outrageous and unprivileged conduct on the part of DEFENDANTS and their managers, supervisors, and agents actually and proximately caused PLAINTIFF to suffer severe emotional distress.

130.    As a direct and proximate result of the extreme and outrageous conduct of DEFENDANTS and their managers, supervisors, and agents, PLAINTIFF has suffered consequential damages in an

amount according to proof for lost past and future wages, out-of-pocket expenses, lost employment benefits, and emotional distress damages.

131.    In doing the things herein alleged, DEFENDANTS and their managers, supervisors, and agents acted oppressively, maliciously, intentionally, despicably, and in conscious disregard of PLAINTIFF's rights, as they knew that:  1) PLAINTIFF has a right to be free from conduct intended to cause emotional distress in PLAINTIFF, and from conduct which DEFENDANTS and their managers, supervisors, and agents recklessly failed to anticipate would cause emotional distress in PLAINTIFF; 2) the failure of DEFENDANTS and their managers, supervisors, and agents to protect such right resulted in severe emotional distress in PLAINTIFF; 4) intentionally or recklessly subjecting PLAINTIFF to said emotional distress was unlawful; and 4) by intentionally or recklessly subjecting PLAINTIFF to said emotional distress, DEFENDANTS and their managers, supervisors, and agents engaged in conduct that was oppressive, malicious, cruel and unjust.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF pray as follows:

1.    For compensatory economic and general damages, including but not limited to back pay, front pay, the value of lost wages and benefits, and emotional distress damages, in an amount according to proof;

2.    For reinstatement of her job position, pay, and benefits;

3.    For punitive damages as permitted by law;

4.    For interest, reasonable attorneys' fees, and costs of suit as permitted by law; and,

5.    For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

PLAINTIFF hereby demands trial by jury of all causes of action so triable.

Dated:  September 3, 2025                    SUTTON HAGUE LAW CORPORATION, P.C.

_____
BRADY BRIGGS, ESQ.
Attorneys for Plaintiff
TIFFANY MCNEELY

21

# EXHIBIT A



**COMMISSIONERS**

Andre Martin, Chair
Tiffany Young, Secretary
Hanadi Nadeem
Stewart Chang
Donald Bordelove

**NERC**
**NEVADA EQUAL RIGHTS COMMISSION**
A division of the Department of
Employment, Training and Rehabilitation

JOE LOMBARDO
Governor

PATRICE D. PEREZ
Acting Administrator

December 31, 2024

Kelsey Gunderson, Esquire
SUTTON HAGUE Law Corporation
9790 Gateway, Suite 200
Reno, NV 89521
**Sent via Email: Kelsey@suttonhague.com**

RE: Tiffany McNeely    vs    RPM Living, LLC.
NERC No. 1023-24-9725    EEOC No. 34B-2025-00081

Dear Ms. Gunderson:

The Nevada Equal Rights Commission (NERC) is closing your client's case as you have requested a Right-to-Sue letter from NERC and from the Equal Employment Opportunity Commission (EEOC).

**Right-to-Sue Notice:** This letter constitutes your client's state Right-to-Sue Notice.

Please be advised that the NERC's closure does <u>not</u> preclude your client from filing a lawsuit in state court pursuant to Nevada Revised Statutes (NRS) 613.420.

Section 613.420 of the Nevada Revised Statutes provides in part: "If the Nevada Equal Rights Commission does not conclude that an unfair employment practice . . . has occurred, the Commission shall issue a right-to-sue notice. . . the person alleging such a practice has occurred may bring a civil action in district court not later than 90 days after the date of receipt of the right-to-sue notice…"

NRS 613.430 provides the following timeframes to file in state court, "No action authorized by NRS 613.420 may be brought more than 180 days after the date of the act complained of or more than 90 days after the date of the receipt of the right-to-sue notice…whichever is later. When a complaint is filed with the Nevada Equal Rights Commission, the limitation provided by this section is tolled as to any action authorized by NRS 613.420 during the pendency of the complaint before the Commission."

RE: Tiffany McNeely     vs     RPM Living, LLC.
     NERC No. 1023-24-9725        EEOC No. 34B-2025-00081
Page 2 of 2

If you and/or your client have any questions, please do not hesitate to contact the Commission at the below listed telephone number.

Sincerely,

*Felipe A. Ortiz*

Felipe A. Ortiz
Chief Compliance Investigator Outreach Specialist
Nevada Equal Rights Commission

Docusign Envelope ID: E4971DED-A04B-4220-BB48-7CEF85A07155

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | | [X] FEPA | 1023-24-9725 |
| | | [X] EEOC | 34B-2025-00081 |

| Nevada Equal Rights Commission | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Tiffany McNeely** | **(702) 237-4100** | **1986** |

| Street Address | City, State and ZIP Code |
|---|---|
| **10991 Hunting Hawk Road** | **Las Vegas, NV 89179** |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **RPM Living, LLC.** | **500+** | **(512) 480-9886** |

| Street Address | City, State and ZIP Code |
|---|---|
| **5508 Parkcrest Drive, Suite 320** | **Austin, TX 789731** |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest / Latest |

[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN

[X] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION

[ ] OTHER *(Specify)*

Earliest: **08/12/24**  Latest: **08/21/24**

[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

The Respondent discriminated against me due to sex (Female-Pregnancy), disability, and/or in retaliation. I was denied reasonable accommodation and discharged. I was discharged on August 21, 2024. I filed an Intake Inquiry Form with intent to file a Charge of Discrimination against the Respondent with Nevada Equal Rights Commission on October 23, 2024.

On October 26, 2023, the Respondent hired me as a Community Manager. I performed satisfactorily until I was discharged on August 21, 2024.

On August 12, 2024, I found out that I was pregnant. On the same date, I advised my supervisor around 12:15 pm. I told my supervisor that there were pregnancy complications. My doctors were worried about an ectopic pregnancy. I made the Respondent aware that I might require reasonable accommodation due to pregnancy complications. My supervisor was aware that I was going to see my doctor during my lunch hour.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Signed by: [signature] 12/19/2024 \| 4:19 PM PST 35E3E326D29E436... | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| Date          Charging Party Signature | |

Docusign Envelope ID: E4971DED-A04B-4220-BB48-7CEF85A07155

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA<br>[X] EEOC | 1023-24-9725<br>34B-2025-00081 |

| **Nevada Equal Rights Commission** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

On or around August 19, 2024, I got my blood work done during my lunch hour. I let my supervisor know that I was headed back to the office.

On August 21, 2024, I was terminated by the Respondent (RPM Living, LLC). The Respondent told me that it was because I was late and that they needed a manager who would be at the office present and not missing work. After I was terminated, I objected, and I made complaints about my termination with Human Resources without success.

I believe that the Respondent failed to enter the interactive process in order to determine if I could perform the essential functions of the job with or without accommodation. The Respondent fired me in retaliation and the discharge was suspicious timing.

I believe I was subjected to this adverse treatment based on my sex (female-pregnancy), disability, and/or in retaliation.

I believe the Respondent's actions violated Title VII of the Civil Rights Act of 1964, as amended, the Pregnancy Workers Fairness Act (PFWA), the American with Disabilities Act Amendments Act (ADAAA), and Nevada State Law.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 12/19/2024 \| 4:19 PM PST  *Signed by:*<br>3EF3F326D39F436...<br><br>_____   _____<br>Date                    *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

Docusign Envelope ID: E4971DED-A04B-4220-BB48-7CEF85A07155

## REMEDY REQUEST and SETTLEMENT DEMAND

| | |
|---|---|
| __Tiffany McNeely__ | __RPM Living, LLC.__ |
| **Charging Party** | **Respondent** |

**NOTICE TO CHARGING PARTY AND RESPONDENT: This Remedy Request is intended to initiate the settlement process. The amounts requested are as of the date the Remedy Request is signed. Some of the amounts may increase with the passage of time. Please review carefully. The Charging Party may or may not be entitled to any or all of the remedies requested. The Commission reserves the right to review all remedies to ensure the claim is fair and equitable and meets all State and Federal standards.**

**I do hereby request as follows:**

☐ BACKPAY– Tbd
   Rate of pay _____ Tbd for period of _____ Tbd for a total of: _____ Tbd to date.
   Lost commissions/tips: Tbd _____
   Lost vacation pay: Tbd _____
   Lost bonuses: Tbd _____
   Lost retirement contributions (401k): Tbd _____
   Less Tbd _____ for money earned, including unemployment insurance

   **Total Back Pay requested:** Tbd _____.

☐ COMPENSATORY DAMAGES:
   Moving Expenses: Tbd _____
   Storage Expenses: Tbd _____
   Medical Costs: Tbd _____.
   Costs of seeking other employment: Tbd _____

   **Total Compensatory Damages:** Tbd _____.

☐ **BEING REHIRED/REINSTATED INTO A SIMILAR POSITION AS BEFORE.**

☐ **BEING PROMOTED TO:** Tbd _____

☐ **BEING HIRED AS:** Tbd _____.

☐ **ALL ADVERSE INFORMATION REMOVED FROM MY PERSONNEL FILE.**

☐ **OTHER:** *(Including any other monetary damages. Please specify the remedies you are requesting.)*
Tbd
_____
Tbd
_____
**TOTAL MONETARY DAMAGES:** Tbd _____
        ***Unless otherwise indicated, remedies are To Be Determined (TBD) at a later date.***

IF SETTLEMENT IS NOT REACHED BY THE PARTIES, I reserve the right to seek any and all remedies permitted under law.

12/19/2024 | 4:19 PM PST
**Executed on:** _____    **by:** _____
        **(date)**              **(Charging Party signature)**

EEOC FORM 131-A    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

| | PERSON FILING CHARGE<br>**Tiffany McNeely** |
|---|---|
| **Deanna Holley, Sr. Regional Human Resources**<br>**RPM Living, LLC.**<br>**5508 Parkcrest Drive, Suite 320**<br>**Austin, TX 78731**<br><br>Deanna.holley@rpmliving.com | THIS PERSON<br>Claims to be aggrieved |
| | EEOC CHARGE NO.<br>    **34B-2025-00081** |
| | NERC CHARGE NO.<br>    **1023-24-9725** |

**NOTICE OF CHARGE OF DISCRIMINATION in Jurisdiction where NERC will initially process**
*(See the enclosed for additional information)*

**THIS IS NOTICE THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER Title VII of the Civil Rights Act of 1964, as amended, the Pregnancy Workers Fairness Act (PFWA), and the American with Disabilities Act Amendment Acts (ADAAA) and Nevada State Law.**

**HAS BEEN RECEIVED BY Nevada Equal Rights Commission and sent to the EEOC for dual filing.**

While EEOC has jurisdiction (upon expiration of any deferral requirement if this is a Title VII, ADA GINA or PWFA charge) to investigate this charge, EEOC may suspend its investigation and await the issuance of the Agency's final findings and orders. These findings and orders will be given weight by EEOC in making its own determination as to whether reasonable cause exists to believe that discrimination has occurred.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency will be considered by EEOC when it reviews the Agency's final findings and orders. In many cases EEOC will take no further action, thereby avoiding the necessity of an investigation by both the Agency and EEOC. This likelihood is increased by your active cooperation with the Agency.

As a party to the charge, you may request that EEOC review the final findings and orders of the above-named Agency.

For such a request to be honored, you must notify EEOC in writing within 15 days of your receipt of the Agency's final decision and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by EEOC. Regardless of whether the Agency or EEOC processes the charge, the Recordkeeping and Non-Retaliation provisions of the statutes as explained in the enclosed information sheet apply.

For further correspondence on this matter, please use the charge number(s) shown above.

ENCLOSURE(S): Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION
**See enclosed copy of Charge of Discrimination**

| Date:<br>**December 23, 2024** | NAME/TITLE OF AUTHORIZED OFFICIAL<br>Christine Park-Gonzalez, District Director<br>Equal Employment Opportunity Commission | SIGNATURE<br>*CHRISTINE PARK-GONZALEZ* |
|---|---|---|
| Date:<br>**December 23, 2024** | NAME/TITLE OF AUTHORIZED OFFICIAL<br>Patrice D. Perez, Acting Administrator<br>Nevada Equal Rights Commission | *Patrice D Perez* |

By AVA

*Enclosure with EEOC Form 131-A*

## INFORMATION ON CHARGES OF DISCRIMINATION

### EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14 Preservation of records made or kept.** Where a charge... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 207(f) of GINA, Section 4(d) of the ADEA, Section 503(a) of the ADA, and Section 104(f) of the PWFA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

### NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.



**COMMISSIONERS**

Andre Martin, Chair
Tiffany Young, Secretary
Hanadi Nadeem
Stewart Chang
Donald Bordelove

**JOE LOMBARDO**
Governor

**CHRIS SEWELL**
DETR Director

**PATRICE D. PEREZ**
Administrator

June 18, 2025

Kelsey Gunderson, Esq.
Sutton Hague Law Corporation
9790 Gateway Drive, Suite 200
Reno, NV 89521

RE:    Tiffany McNeely    vs    TruAmerica Multifamily LLC
       NERC No. 0219-25-6763      EEOC No. 34B-2025-00322

Dear Ms. Gunderson:

The Nevada Equal Rights Commission (NERC) is closing your client's case as you have requested a Right-to-Sue letter from NERC and from the Equal Employment Opportunity Commission (EEOC).

**Right-to-Sue Notice:** This letter constitutes your client's state Right-to-Sue Notice.

Please be advised that the NERC's closure does <u>not</u> preclude your client from filing a lawsuit in state court pursuant to Nevada Revised Statutes (NRS) 613.420.

Section 613.420 of the Nevada Revised Statutes provides in part:  "If the Nevada Equal Rights Commission does not conclude that an unfair employment practice . . . has occurred, the Commission shall issue a right-to-sue notice. . . the person alleging such a practice has occurred may bring a civil action in district court not later than 90 days after the date of receipt of the right-to-sue notice…"

NRS 613.430 provides the following timeframes to file in state court, "No action authorized by NRS 613.420 may be brought more than 180 days after the date of the act complained of or more than 90 days after the date of the receipt of the right-to-sue notice…whichever is later.  When a complaint is filed with the Nevada Equal Rights Commission, the limitation provided by this section is tolled as to any action authorized by NRS 613.420 during the pendency of the complaint before the Commission."

Page 2

If you and/or your client have any questions, please do not hesitate to contact the Commission at the below listed telephone number.

Sincerely,

Richard Brown
Supervisory Compliance Investigator

Page 3

Page 4